UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

UNITED STATES OF AMERICA    :

    - v. -           :       07 Cr. 582 (CM)

ESMOND ELCOCK, et al.,    :

        Defendant.    :

-------------------------------------------------x


## DEFENDANT NADINE WHITTINGHAM'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS COUNT THREE OF THE INDICTMENT FOR IMPROPER VENUE


LEONARD F. JOY, ESQ.
Federal Defenders of New York
Attorney for Defendant
**NADINE WHITTINGHAM**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8764

**FIONA DOHERTY, ESQ.**
Of Counsel


TO:   **MICHAEL J. GARCIA, ESQ**.
      United States Attorney
      Southern District of New York
      One. St. Andrew's Plaza
      New York, New York 10007
      Attn:  **JENNA DABBS, ESQ.**
           Assistant United States Attorney

## <u>TABLE OF CONTENTS</u>

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    Legal Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   The Essential Conduct Elements of Count Three Are Not Alleged to Have Occurred in
      the Southern District of New York . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## **TABLE OF AUTHORITIES**

United States v. Anderson, 328 U.S. 699, 66 S.Ct. 1213 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181 (2d Cir. 1989) . . . . . . . . . . . . . . . 4

United States v. Bezmalinovic, 962 F.Supp. 435 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . .4

United States v. Ramirez, 420 F.3d 134 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 4, 5

United States v. Reed, 773 F.2d 477, 480 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Rodriguez-Moreno, 526 U.S. 275, 119 S.Ct. 1239 (1999) . . . . . . . . . . . . . .3, 5

United States v. Saavedra, 223 F.3d 85 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

United States v. Smith, 198 F.3d 377 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------x

UNITED STATES OF AMERICA          :

    - v. -                          :          07 Cr. 582 (CM)

ESMOND ELCOCK, et al.,            :

        Defendant.            :

--------------------------------------------------x

## DEFENDANT NADINE WHITTINGHAM'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS COUNT THREE OF THE INDICTMENT

The defendant, Nadine Whittingham, hereby moves under Federal Rules of Criminal Procedure 12(b)(2) and 18 to dismiss count three of the indictment for improper venue in the Southern District of New York. Allowing the third count to proceed against Ms. Whittingham in the Southern District of New York would violate her right under the United States Constitution to be tried in the judicial district where the alleged offense was committed.

### STATEMENT OF FACTS

Ms. Whittingham is charged with two separate counts of bank fraud in violation of 18 U.S.C. § 1344. In the first count of the indictment, she is charged with conspiring with her co-defendants and others known and unknown to violate 18 U.S.C. § 1344. See Indictment ¶¶ 1-4. In the third count of the indictment, she is charged with a substantive count of bank fraud under 18 U.S.C. §§ 1344 and 2. Id. ¶ 5.

With respect to the third count, the indictment alleges in sum and substance that from approximately October 2005 through February 2006, Ms. Whittingham unlawfully and

-1-

knowingly "executed and attempted to execute" a scheme to "defraud a financial institution" and

to "obtain, by means of false and fraudulent pretenses, representations, or promises" moneys and

other property owned by or under the control of the financial institution. Id. Specifically, the

indictment alleges that Ms. Whittingham "accessed without authorization, several accounts at a

bank where she was employed, and shared information about those accounts with co-conspirators

for the purpose of fraudulently obtaining the funds in those accounts, resulting in a loss in excess

of $1 million." Id. According to the indictment, the activity alleged in the third count took place

within "the Southern District of New York and elsewhere." Id.

During the time-frame referenced in the indictment's third count, Ms. Whittingham was

living and working in Queens, New York. See Affirmation of Nadine Whittingham

("Whittingham Affirmation") ¶¶ 2-4. The bank, where Ms. Whittingham was employed, was a

Bank of America branch in Rosedale, Queens. Id. ¶ 2. Given this, the defense understands that

the Government is not alleging that any of the actions allegedly taken directly by

Ms.Whittingham with respect to the third count occurred within the Southern District of New

York. See Affirmation of Fiona Doherty (the "Doherty Affirmation") ¶ 2.

<b>ARGUMENT</b>

**I.    Legal Background**

The determination of venue in a criminal case is a matter of constitutional significance.

The Sixth Amendment to the United States Constitution guarantees trial "by an impartial jury of

the State and district wherein the crime shall have been committed . . . ." U.S. Const. Amend VI.

This command is reinforced by Rule 18 of the Federal Rules of Criminal Procedure, which

requires that "prosecution shall be had in a district in which the offense was committed."

Fed.R.Crim.P. 18.

If a federal statute defining an offense does not specify how to locate where the crime was committed, the "*locus delicti*" of the offense "must be determined from the nature of the crime alleged and the location of the acts constituting it." United States v. Anderson, 328 U.S. 699, 703, 66 S.Ct. 1213, 1216 (1946). In order to determine the "*locus delicti*," a court must "initially identify the conduct constituting the offense" and then "discern the location of the commission of the criminal acts." United States v. Ramirez, 420 F.3d 134, 138 (2d Cir. 2005) (quoting United States v. Rodriguez-Moreno, 526 U.S. 275, 279, 119 S.Ct. 1239, 1242-43 (1999)). The Supreme Court has emphasized that although the verbs of a statute are often helpful in identifying the conduct that comprises an offense, the "verb test" should not be applied "to the exclusion of other relevant statutory language." Rodriguez-Moreno 526 U.S. at 280, 119 S.Ct. at 1243. "Venue is proper only where the acts constituting the offense – the crime's 'essential conduct elements' – took place." Ramirez, 420 F.3d at 138 (quoting Rodriguez-Moreno, 526 U.S. at 280, 119 S.Ct. at 1243).

In certain cases, the Constitution does not demand that the Court find one "single exclusive venue." United States v. Reed, 773 F.2d 477, 480 (2d Cir. 1985). "[W]here the acts constituting the crime and the nature of the crime charged implicate more than one location," "venue is properly laid in any of the districts where an essential conduct element of the crime took place." Ramirez, 420 F.3d at 139 (internal citations omitted). For these kinds of "continuing offenses," Congress has provided as follows:

> Except as otherwise expressly provided by an enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more

-3-

than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237.

If bank fraud is found to be a "continuing offense," see United States v. Bezmalinovic, 962 F.Supp. 435, 437 (S.D.N.Y. 1997), the Court must determine whether the essential conduct elements of the bank fraud alleged were "begun, continued, or completed" within the Southern District of New York. Id. The Second Circuit has suggested that if more than one venue is appropriate under a continuing offense theory, a court should also ask "whether the criminal acts in question bear 'substantial contacts' with any given venue." Ramirez, 420 F.3d at 139 (quoting United States v. Saavedra, 223 F.3d 85 (2d Cir. 2000)). The substantial contacts test considers four main factors: "(1) the site of the crime, (2) its elements and nature, (3) the place where the effect of the criminal conduct occurs, and (4) suitability of the venue chosen for accurate fact-finding." Id.

The government has the burden of proving that venue is proper in any given district by a preponderance of the evidence. See United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1188 (2d Cir. 1989); United States v. Smith, 198 F.3d 377, 384 (2d Cir. 1999). When the defendant is charged in more than one count, the government must establish venue with respect to each count. Beech-Nut, 871 F.2d at 1188.[1] Where "a defendant is charged with conspiracy as well as substantive offenses, venue must be laid in a district where all the counts may be tried.

---

[1]    At this point, the defense is not independently challenging venue with respect to the first count of the indictment, as the Second Circuit has held that "[i]n a conspiracy prosecution, 'venue is proper in any district in which an overt act . . . was committed by any of the co-conspirators.'" Smith, 198 F.3d at 382 (quoting United States v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994)).

-4-

Thus, the venue potential in a conspiracy case for the prosecutor to choose from is narrowed by the substantive counts the government wishes to prosecute." Saavedra, 223 F.3d at 89.

**II.    The Essential Conduct Elements of Count Three Are Not Alleged to Have Occurred in the Southern District of New York.**

As the Supreme Court has emphasized, the first step in a venue analysis is to "identify the conduct constituting the offense." Rodriguez-Moreno 526 U.S. at 279, 119 S.Ct. at 1242. The bank fraud statute provides in relevant part:

[w]hoever, knowingly *executes, or attempts to execute*, a scheme or artifice –

1.      to *defraud* a financial institution;

2.      to *obtain any of the moneys*, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, *by means of false or fraudulent pretenses, representations, or promises*

[will be subject to specified penalties]. 18 U.S.C. § 1344. Thus, the crime's "essential conduct elements" are executing a scheme to defraud or executing a scheme to obtain money by means of false or fraudulent pretenses. Venue is only proper where these essential conduct elements are alleged to have taken place. Ramirez, 420 F.3d at 138 (citing Rodriguez-Moreno, 526 U.S. at 280, 119 S.Ct. 1239).

In this case, the third count of the indictment alleges that Ms. Whittingham is guilty of bank fraud because she "accessed without authorization, several accounts at a bank where she was employed, and shared information with those accounts with co-conspirators for the purpose of fraudulently obtaining the funds in those accounts . . . ." Indictment ¶ 5. The bank where Ms. Whittingham was employed, however, is located in Queens, New York, which lies outside the

-5-

Southern District of New York. <u>See</u> Whittingham Affirmation ¶¶ 2-3. Ms. Whittingham was

also living in Queens at the time of the events alleged in the third count. <u>Id.</u> ¶ 4. Furthermore,

the defense understand that the Government is not alleging that any of Ms. Whittingham's

actions with respect to the third count occurred in the Southern District of New York. <u>See</u>

Doherty Affirmation ¶ 2. Thus, if Ms. Whittingham is not alleged to have undertaken any of the

essential conduct elements – executing a scheme to defraud or executing a scheme to obtain

money by false and fraudulent pretenses – within the Southern District of New York, we

respectfully submit that venue is not proper in this district.

## CONCLUSION

Ms. Whittingham respectfully requests that this Court enter an order dismissing the third

count of the indictment for improper venue.

Dated:   New York, New York
         December 5, 2007

                                         LEONARD F. JOY, ESQ.
                                         Federal Defenders of New York, Inc.
                                         Attorney for Defendant
                                         **NADINE WHITTINGHAM**
                                         52 Duane Street - 10th Floor
                                         New York, New York  10007
                                         Tel.: (212) 417-8734

                                         *Fiona Doherty*

                                         **FIONA DOHERTY, ESQ.**
                                         <u>Of</u> Counsel

TO:   **MICHAEL J. GARCIA, ESQ.**
      United States Attorney
      Southern District of New York
      One Saint Andrew's Plaza
      New York, New York 10007
      Attn: **JENNA DABBS, ESQ.**
           Assistant United States Attorney