UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

         -v.-                       :
                                            S1 07 Cr. 582 (CM)
ESMOND ELCOCK, JR.,                 :
     a/k/a "Shawn,"
PIERRE RICHARD RENE,                :
     a/k/a "Trump,"
NADINE WHITTINGHAM,                 :
TRAVIS SMALLS, and
KEVIN MCCOLLUM,                     :

         Defendants.               :

- - - - - - - - - - - - - - - -x


**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT NADINE WHITTINGHAM'S MOTION TO DISMISS
COUNT THREE OF THE INDICTMENT FOR IMPROPER VENUE**


                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                                   of America.


JENNA M. DABBS
Assistant United States Attorney
     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

        -v.-                         :
                                            S1 07 Cr. 582 (CM)
ESMOND ELCOCK, JR.,                  :
     a/k/a "Shawn,"
PIERRE RICHARD RENE,                 :
     a/k/a "Trump,"
NADINE WHITTINGHAM,                  :
TRAVIS SMALLS, and
KEVIN MCCOLLUM,                      :

        Defendants.                  :

- - - - - - - - - - - - - - - - -x

### GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT NADINE WHITTINGHAM'S MOTION TO DISMISS COUNT THREE OF THE INDICTMENT FOR IMPROPER VENUE

The Government respectfully submits this memorandum of law in response to the motion of defendant Nadine Whittingham, pursuant to Rules 12(b)(2) and 18 of the Federal Rules of Criminal Procedure, to dismiss Count Three of the Indictment for improper venue in the Southern District of New York. For the reasons that follow, venue is proper in this district, and the defendant's motion should be denied in its entirety.

### BACKGROUND

The defendant, Nadine Whittingham, is charged in Indictment S1 07 Cr. 582 (CM) in two counts. Count One charges her with conspiring with others to commit bank fraud, and Count Three charges her with the substantive offense of bank fraud, in violation of Title 18, United States Code, Section 1344, and also

with aiding and abetting that offense, in violation of Title 18, United States Code, Section 2.  Count Three alleges that from in or about October 2005 through in or about February 2006, "in the Southern District of New York and elsewhere," the defendant "willfully and knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution," and "to obtain, by means of false and fraudulent pretenses, representation and promises" the funds under the control of that financial institution, "to wit, Whittingham accessed, without authorization, several accounts at a bank where she was employed, and shared information about those accounts with co-conspirators for the purpose of fraudulently obtaining the funds in those accounts, resulting in a loss in excess of $1 million."

        The scheme and artifice to defraud in this case was in essence a scheme to take over a number of victim accounts at Bank of America, and thereby to access the funds in those accounts fraudulently.  The scheme was carried out through a series of steps, which in turn were carried out by a number of different individuals.  Those steps included but were not limited to: the accessing of legitimate and private customer account information, the dissemination of that information, the unauthorized changing of the addresses on the victim accounts, unauthorized transfers made between different types of accounts of victim customers (e.g., transfers from the money market account of a victim to

that same individual's checking account) in order to increase the
funds available, the ordering of checks to the fraud addresses,
and the negotiation of those fraudulently obtained checks in
order to obtain the funds held in the victim accounts.  Of the
approximately 22 victims whose accounts were compromised by the
alleged scheme, four had accounts that were located in the
Southern District of New York.[1]

<u>**APPLICABLE LAW**</u>

        The proper forum for a criminal prosecution is the
district in which the crime was committed.  U.S. Const. Art. III,
§ 2; <u>id</u>. Amend. VI; Fed. R. Crim. P. 18.  However, venue is not
limited to the location where the physical acts necessary to
commit a particular crime are committed.  Where "the acts
constituting the crime and the nature of the crime charged
implicate more than one location," the Constitution "does not
command a single exclusive venue." <u>United States</u> v. <u>Reed</u>, 773
F.2d 477, 480 (2d Cir. 1985).  A defendant charged with such a
continuing offense may be tried in any district in which some
part of the offense occurred.  <u>See, e.g.</u>, <u>United States</u> v.
<u>Naranjo</u>, 14 F.3d 145, 147 (2d Cir. 1994); <u>United States</u> v. <u>Delia</u>,
944 F.2d 1010, 1013-14 (2d Cir. 1991).  Section 3237(a) of Title

---

    [1]  The locations of these accounts included two accounts in
Manhattan, and two accounts in Chappaqua, New York.  The
remaining victim accounts were located throughout the Eastern
District of New York, as well as Connecticut and New Jersey.

18 provides explicitly that any offense "committed in more than one district" may be "prosecuted in any district in which such offense was begun, continued or completed." 18 U.S.C. § 3237(a). Put another way, "[b]ecause an offense consisted of distinct parts which have different localities the whole may be tried where any part can be proved to have been done." United States v. Brennan, 183 F.3d 139, 145 (2d Cir. 1999) (quotation omitted).

    Whether a crime constitutes a continuing offense with the possibility of multiple venues "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Chen, 378 F.3d 151, 159 (2d Cir. 2004) (quotation omitted). "In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999).

    For venue purposes, the nature of the crime is identified by reference to the "essential conduct elements" defined by the statute in question. Id. at 279-82. In Rodriguez-Moreno, the Supreme Court emphasized that a statute's verbs are not the "sole consideration in identifying the conduct that constitutes an offense" for purposes of venue. Id. at 280. Even if the conduct described in the statute's verbs takes place in one district, venue may still also lie in an entirely

different district, as long as other conduct that is "essential" to the violation took place there.  See id.; see also United States v. Brennan, 183 F.3d at 145 (recognizing that "verbs are [not] the sole consideration in identifying the conduct that constitutes an offense") (quotation omitted).

Determining whether venue in a given district is proper requires a two-step process.  The first step is to determine, as set forth above, whether the offense of conviction is a "continuing offense" under § 3237(a).  "Second, we must ask whether the criminal activities in question bear 'substantial contacts' to the Southern District of New York in order to ensure that the policies and considerations underlying the Constitution's commands respecting venue have been preserved." United States v. Saavedra, 223 F.3d 85, 89 (2d Cir. 2000).  These two steps are "related inquiries."  Id.

The "substantial contacts" test "takes into account four main factors: (1) the site of the crime, (2) its elements and nature, (3) the place where the effect of the criminal conduct occurs, and (4) suitability of the venue chosen for accurate factfinding."  Id. at 93 (citing United States v. Reed, 773 F.2d 477 (2d Cir. 1985)).  The Reed four-factor test "is helpful in determining whether a chosen venue is unfair or prejudicial to a defendant."  Id.

Although venue must be proper in the district of prosecution, "venue is not an element of the crime; the government bears the burden of proving venue only by a preponderance of the evidence." <u>United States</u> v. <u>Chen</u>, 378 F.3d at 159.

The defendant is charged with violating Title 18, United States Code, Section 1344, which provides, in pertinent part:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice–
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; [commits an offense].

18 U.S.C. § 1344.

## DISCUSSION

The defendant asserts that none of her actions in connection with the alleged fraudulent scheme took place in the Southern District of New York, and therefore, that venue in this district is not proper. The defendant's construction of the alleged fraudulent scheme is unduly narrow. It is true that the defendant's primary role in the alleged fraudulent scheme was to access information about Bank of America customer accounts from

6

her office at a Bank of America branch located in Queens, New York, but the alleged scheme certainly did not stop there. At trial, the Government expects the proof to show that the alleged scheme was not simply a scheme to access customer account information. Rather, the alleged scheme was a scheme to execute account takeovers, in order to drain Bank of America customer accounts of funds, and a number of the accounts taken over as a result of the scheme were located in the Southern District of New York. As such, the ultimate objective of the alleged scheme, the draining of funds from victim bank accounts, occurred in this district.

The Government expects the evidence at trial to show that in her capacity as a Bank of America employee, the defendant did not just access information regarding numerous Bank of America customer accounts. Rather, she selected the accounts that were subsequently victimized by the account takeover scheme, and in making those selections, the defendant was able to see precisely where those accounts were located. For that reason, the connection of the alleged scheme to this district, and the scheme's intended impact on this district, was foreseeable to the defendant, even if it is the case that her only conduct in furtherance of the alleged scheme occurred in the Eastern District of New York. See United States v. Svoboda, 347 F.3d 471, 483 (2d Cir. 2003) ("venue is proper in a district where (1)

the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district of venue, or (2) it is foreseeable that such an act would occur in the district of venue").

In United States v. Korolkov, 870 F. Supp. 60 (S.D.N.Y. 1994), another court in this district faced an analogous set of facts and concluded that venue in the Southern District of New York was proper.  The indictment in Korolkov alleged a fraudulent scheme that was intended to move funds from a group of accounts located in New York to a separate group of accounts located in San Francisco.  The indictment further alleged that the defendant in Korolkov had opened five bank accounts in her name in San Francisco into which funds from the New York accounts were subsequently transferred.  Applying the four Reed factors, the court emphasized the fact that the bank accounts impacted by the alleged bank fraud in the case were located in the Southern District of New York.  Id. at 63.  As is the case here, in Korolkov, the alleged scheme "immediately contemplated taking money from accounts that were in this district."  Id. at 64.  As the Court of Appeals in Reed observed, "places that suffer the effects of a crime are entitled to consideration for venue purposes.  Such districts have an obvious contact with the litigation in their interest in preventing such effects from occurring."  Reed, 773 F.2d at 482.

In addition to the location of some victim accounts in this district, an essential element of the alleged scheme involved the fraudulent changing of the addresses of the victim accounts, and thereafter the ordering of checks for delivery to those fraud addresses so that the checks could be taken from the mail and used in furtherance of the scheme. Of the approximately 22 victim accounts, 16 of the fraud addresses for those accounts were addresses located in Manhattan. As a result, the "location of the act or acts constituting" the charged fraudulent scheme extended to the Southern District of New York. <u>Chen</u>, 378 F.3d at 159. Even if she herself did not take these steps within the Southern District of New York, because the defendant is charged with aiding and abetting the substantive offense of bank fraud, venue is proper where these acts were committed. <u>See</u> <u>United States</u> v. <u>Smith</u>, 198 F.3d 377, 383 (2d Cir. 1999) (venue proper with respect to an individual charged as an aider and abettor both where that individual acted, and where the principal acted).

Finally, on its face, the Indictment alleges that the offense at issue, in Count Three, occurred "in the Southern District of New York and elsewhere." That allegation alone is sufficient for present purposes to defeat the defendant's motion, for on a motion to dismiss, the allegations of the Indictment must be taken as true. <u>See, e.g.</u>, <u>United States</u> v. <u>Heredia</u>, No. 02 Cr. 1246, 2003 WL 21524008, at *5 (S.D.N.Y. July 3, 2003);

9

United States v. Bellomo, No. 02 Cr. 140, 2003 WL 21078757, at *1 (E.D.N.Y. Mar. 13, 2003); United States v. Szur, No. 97 Cr. 108, 1998 WL 132942, at *9 (S.D.N.Y. Mar. 20, 1998).  The defendant's motion may be renewed under Rule 29, Fed. R. Crim. P., at a later time should the defendant believe the Government has not sustained its burden with respect to venue at trial.

### CONCLUSION

For the above reasons, the Court should deny the defendant's motion to dismiss Count Three of the Indictment for improper venue in its entirety.

Dated:    New York, New York
          December 19, 2007


                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney


                    By:    /s/ Jenna M. Dabbs
                         JENNA M. DABBS
                         Assistant United States Attorney
                         Tel: (212) 637-2212
                         Fax: (212) 637-2387

<u>AFFIRMATION OF SERVICE</u>

JENNA M. DABBS, pursuant to Title 28, United States Code, Section 1746, hereby affirms under penalty of perjury:

That I am an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York.

That on December 19, 2007, I electronically filed and caused a true and correct copy of the foregoing Government's Opposition to Defendant Nadine Whittingham's Motion To Dismiss Count Three of the Indictment to be served by hand delivery on:

> Fiona M. Doherty, Esq.
> Federal Defenders of New York, Inc.
> 52 Duane Street, 10th Floor
> New York, New York 10007

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated:    New York, New York
          December 19, 2007

                              /s/ Jenna M. Dabbs
                              JENNA M. DABBS