UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

UNITED STATES OF AMERICA        :

    - v. -                          :        07 Cr. 582 (CM)

ESMOND ELCOCK, et al.,          :

        Defendant.            :

------------------------------------------------x


# DEFENDANT NADINE WHITTINGHAM'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS COUNT THREE OF THE INDICTMENT FOR IMPROPER VENUE


LEONARD F. JOY, ESQ.
Federal Defenders of New York
Attorney for Defendant
**NADINE WHITTINGHAM**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8764

**FIONA DOHERTY, ESQ.**
Of Counsel

TO:    **MICHAEL J. GARCIA, ESQ.**
       United States Attorney
       Southern District of New York
       One. St. Andrew's Plaza
       New York, New York 10007
       Attn: **JENNA DABBS, ESQ.**
           Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| - v. - : | 07 Cr. 582 (CM) |
| ESMOND ELCOCK, et al., : | |
| Defendants. : | |

----------------------------------------------------x

**DEFENDANT NADINE WHITTINGHAM'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS COUNT THREE OF THE INDICTMENT**

The defendant, Nadine Whittingham, respectfully submits this reply memorandum in support of her motion to dismiss count three of the indictment for improper venue in the Southern District of New York.

## ARGUMENT

**I.  The Location of the Effects of a Crime Is Not an Independent Basis for Venue.**

In its memorandum, the government urges the Court to place a heavy reliance on the place that suffered the effects of the crime charged in count three of the indictment. See Government Brief ("Gov't Br.") at 8 (citing United States v. Reed, 773 F.2d 477, 482 (2d Cir. 1985)). In this context, the government argues that venue is proper in this district because four of the twenty-two accounts that were allegedly "taken over" in this case were "located" in the Southern District of New York. Id. at 7. In particular, the government indicates that two of the accounts were located in Manhattan and two of the accounts were located in Chappaqua, New York. Id. at 3, n. 1.

-1-

The government does not explain why venue in the Southern District of New York would be more appropriate than venue in the districts where the remaining 18 accounts were "located." These accounts were reportedly located throughout the Eastern District of New York, as well as in Connecticut and New Jersey. Id. Thus, the majority of the effects of the crime were felt in these districts – including the Eastern District of New York, where Ms. Whittingham's own criminal conduct is alleged to have taken place. In contrast, the Southern District of New York was the alleged home to only a small minority of the accounts – and none of the alleged acts by Ms. Whittingham.

In Reed, moreover, the locus of the effects of the crime was only one of four separate factors that the Second Circuit laid out for consideration in determining whether a chosen venue is unfair or prejudicial to a defendant. Reed, 773 F.2d at 481. The other three factors set forth in Reed were the site of the defendant's criminal acts, the elements and nature of the crime, and the suitability of the venue chosen for accurate fact-finding. Id. The locus of the effects of the crime is not enough by itself to establish venue. See United States v. Bin Laden, 146 F.Supp.2d 373, 380 (S.D.N.Y. 2001) (Sand, J.) ("*Reed* does not – indeed, could not – stand for the proposition that venue may properly be based where solely the effects of the crime are located.")

Thus, even if the government can establish at trial that certain effects of the alleged crime were felt within the Southern District of New York, this would not be enough to establish proper venue in this district. For venue purposes, a court must "initially identify the conduct constituting the offense" and then "discern the location of the commission of the criminal acts." United States v. Ramirez, 420 F.3d 134, 138 (2d Cir. 2005) (quoting United States v. Rodriguez-Moreno, 526 U.S. 275, 279, 119 S.Ct. 1239, 1242-43 (1999)). "Venue is proper only where the

acts constituting the offense – the crime's 'essential conduct elements' – took place." Id. (quoting Rodriguez-Moreno, 526 U.S. at 280, 119 S.Ct. at 1243).

The government argues that this case is analogous to United States v. Korolkov, 870 F.Supp. 60 (S.D.N.Y. 1994), in which another court in this district determined that venue was proper in the Southern District of New York. See Gov't Br. at 8. According to the government, the court in Korolkov determined that venue was proper because the alleged bank fraud scheme "immediately contemplated taking money from accounts that were in this district." Id. In Korolkov, however, the court relied not only on the alleged location of the accounts at issue but also on the government's claim that the proceeds of the fraud had "passed through" the Southern District of New York. 870 F.Supp. at 64. Korolkov, moreover, was decided before a number of Supreme Court decisions, focusing venue questions on the criminal statute at issue and the crime's "essential conduct elements." See United States v. Cabrales, 524 U.S. 1, 118 S.Ct. 1772 (1998) (emphasizing that venue should be determined as a function of statutory language); Rodriguez-Moreno, 526 U.S. at 280, 119 S.Ct. at 1243 (focusing on the crime's "essential conduct elements").

## II. The Government's Remaining Arguments

In its brief, the government argues that it will be able to prove at trial that it was foreseeable to Ms. Whittingham that actions in furtherance of the alleged bank fraud scheme would be committed in the Southern District of New York. See Gov't Br. at 7-8. The government also contends that it will be able to prove that Ms. Whittingham aided and abetted actions, committed by the principal of the alleged scheme, that occurred within the Southern

-3-

District of New York. Id. at 9.[1] If the Court declines to dismiss the third count as a result of these arguments, the defense would seek to renew its motion under Rule 29 of the Federal Rules of Criminal Procedure at the close of the government's case at trial.

## CONCLUSION

Ms. Whittingham respectfully requests that this Court enter an order dismissing the third count of the indictment for improper venue. In the alternative, the defense requests permission to renew its motion under Rule 29 of the Federal Rules of Criminal Procedure at the close of the government's case at trial.

Dated:   New York, New York
         January 3, 2008

>                                    LEONARD F. JOY, ESQ.
>                                    Federal Defenders of New York, Inc.
>                                    Attorney for Defendant
>                                    **NADINE WHITTINGHAM**
>                                    52 Duane Street - 10th Floor
>                                    New York, New York  10007
>                                    Tel.: (212) 417-8734
>
>                                    _/s/ Fiona Doherty_
>                                    FIONA DOHERTY, ESQ.
>                                    Of Counsel

TO:   **MICHAEL J. GARCIA, ESQ.**
      United States Attorney
      Southern District of New York
      One Saint Andrew's Plaza
      New York, New York 10007
      Attn: **JENNA DABBS, ESQ.**
         Assistant United States Attorney

---

[1] The government also argues that Ms. Whittingham's motion should be dismissed because it is sufficient at this stage that the indictment alleges on its face that criminal conduct occurred within the Southern District of New York. See Gov't Br. at 9. The government cites only unreported cases in support of this argument. Id. at 9-10.