```
┌──────────────────────────────────┐
│ USDS SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #: _____            │
│ DATE FILED: ___|10|08             │
└──────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------x

UNITED STATES OF AMERICA          :

    - v. -                          :          S1 07 Cr. 582 (CM)

ESMOND ELCOCK, JR.,
PIERRE RICHARD RENE,
NADINE WHITTINGHAM,
TRAVIS SMALLS, AND
KEVIN McCOLLUM,                   :

             Defendants.      :

--------------------------------------------------x

## DECISION AND ORDER DENYING DEFENDANT NADINE WHITTINGHAM'S MOTION TO DISMISS COUNT THREE OF THE INDICTMENT

McMahon, J.:

    Defendant, Nadine Whittingham, has filed a motion pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 18 to dismiss Count Three of the indictment for improper venue in the Southern District of New York.

Background

    The defendant, Nadine Whittingham, is charged in Indictment S1 07 Cr. 582 (CM) in two counts. Count One charges her with conspiring with others to commit bank fraud, and Count Three charges her with the substantive offense of bank fraud, in violation of Title 18, United States Code, Section 1344, and also with aiding and abetting that offense, in violation of Title 18, United States Code, Section 2. Count Three alleges that from in or about October 2005 through in or about February 2006, "**in the Southern District of New York and elsewhere**," the defendant "willfully and knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution," and "to obtain, by means of false and fraudulent pretenses, representation and promises" the funds under the control of that financial institution, "to wit, Whittingham accessed, without authorization, several accounts at a bank where she was employed, and shared information about those accounts with co-conspirators for the purpose of fraudulently obtaining the funds in those accounts, resulting in a loss in excess of $1 million." Indictment at ¶ 5.

    According to the Government, the scheme and artifice to defraud in this case was in essence a scheme to take over a number of victim accounts at Bank of America, and thereby to access the funds in those accounts fraudulently. The scheme was carried out through a series of steps, which in turn were carried out by a number of different individuals. Those steps included but were not

limited to: the accessing of legitimate and private customer account information, the dissemination of that information, the unauthorized changing of the addresses on the victim accounts, unauthorized transfers made between different types of accounts of victim customers (e.g., transfers from the money market account of a victim to that same individual's checking account) in order to increase the funds available, the ordering of checks to the fraud addresses, and the negotiation of those fraudulently obtained checks in order to obtain the funds held in the victim accounts. Of the approximately 22 victims whose accounts were compromised by the alleged scheme, four had accounts that were located in the Southern District of New York. The locations of these accounts included two accounts in Manhattan, and two accounts in Chappaqua, New York. The remaining victim accounts were located throughout the Eastern District of New York, as well as Connecticut and New Jersey. Government's Opposition at 2-3.

### Standard for Finding Venue

The government has the burden of proving that venue is proper in any given district by a preponderance of the evidence. See United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1188 (2d Cir. 1989); United States v. Smith, 198 F.3d 377, 384 (2d Cir. 1999). When the defendant is charged in more than one count, the government must establish venue with respect to each count. Beech-Nut, 871 F.2d at 1188.

If a federal statute defining an offense does not specify how to locate where the crime was committed, the "*locus delicti*" of the offense "must be determined from the nature of the crime alleged and the location of the acts constituting it." United States v. Anderson, 328 U.S. 699, 703, 66 S.Ct. 1213, 1216 (1946). In order to determine the "*locus delicti*," a court must "initially identify the conduct constituting the offense" and then "discern the location of the commission of the criminal acts." United States v. Ramirez, 420 F.3d 134, 138 (2d Cir. 2005) (quoting United States v. Rodriguez-Moreno, 526 U.S. 275, 279, 119 S.Ct. 1239, 1242-43 (1999)). The Supreme Court has emphasized that although the verbs of a statute are often helpful in identifying the conduct that comprises an offense, the "verb test" should not be applied "to the exclusion of other relevant statutory language." Rodriguez-Moreno 526 U.S. at 280, 119 S.Ct. at 1243. "Venue is proper only where the acts constituting the offense – the crime's 'essential conduct elements' – took place." Ramirez, 420 F.3d at 138 (quoting Rodriguez-Moreno, 526 U.S. at 280, 119 S.Ct. at 1243).

"Where the acts constituting the crime and the nature of the crime charged implicate more than one location, venue is properly laid in any of the districts where an essential conduct element of the crime took place." Ramirez, 420 F.3d at 139 (internal citations omitted). Section 3237 specifically provides that For these kinds of "continuing offenses," "Congress has provided that:

Except as otherwise expressly provided by an enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237.

Determining whether venue in a given district is proper requires a two-step process. The first step is to determine whether the offense of conviction is a "continuing offense" under § 3237(a). Second, the court must ask whether the criminal activities in question bear 'substantial contacts' to the proposed district. United States v. Saavedra, 223 F.3d 85, 89 (2d Cir. 2000). The "substantial contacts" test "takes into account four main factors: (1) the site of the crime, (2) its elements and nature. (3) the place where the effect of the criminal conduct occurs, and (4) suitability of the venue chosen for accurate factfinding." Id. at 93 (citing United States v. Reed, 773 F.2d 477 (2d Cir. 1985)). The Reed four-factor test "is helpful in determining whether a chosen venue is unfair or prejudicial to a defendant." Id.

### Count Three Sufficient to Support Venue in Southern District

Defendant is charged in Count Three with violating Title 18, United States Code, Section 1344, which provides, in pertinent part:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice–
>
> (1)    to defraud a financial institution; or
>
> (2)    to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; [commits an offense].

18 U.S.C. § 1344.

Defendant contends that the Southern District of New York is not the proper venue for Count Three because the conduct the Government attributes to her — that she improperly accessed accounts at the bank where she was employed and shared information from those accounts with her co-conspirators for the purpose of fraudulently obtaining the funds in those accounts, see Indictment ¶ 5 – all took place in Queens, New York, which is located in the Eastern District of New York. See Whittingham Affirmation ¶¶ 2-3. Thus, defendant argues, if Ms. Whittingham is not alleged to have undertaken any of the essential conduct elements of bank fraud – executing a scheme to defraud or executing a scheme to obtain money by false and fraudulent pretenses – within the Southern District of New York, venue is not proper in this district.

While the Government concedes that defendant's primary role in the "bank account take over-scheme" was to access customer accounts from her office at a Bank of America branch located in Queens, the Government contends that the evidence will show that defendant also selected the accounts that were subsequently victimized, and in making those selections, she was able to see precisely where those accounts were located. The Government argues that the scheme's intended impact on the Southern District was foreseeable to the defendant, even if it is the case that her only

3

conduct in furtherance of the alleged scheme occurred in the Eastern District of New York. Government's Opposition at 5-6.

The Government further argues that an essential element of the alleged scheme involved the fraudulent changing of the addresses of the victim accounts, and thereafter the ordering of checks for delivery to those fraud addresses so that the checks could be taken from the mail and used in furtherance of the scheme. According to the Government, 16 of the fraud addresses for those accounts were addresses located in Manhattan and as a result, the "location of the act or acts constituting" the charged fraudulent scheme extended to the Southern District of New York. It is the Government's position that even if defendant did not take these steps within the Southern District of New York, because she is charged an aider and abettor in the bank fraud count, venue is proper where these acts were committed.

At this juncture, on a motion to dismiss the indictment, the allegations of the indictment must be taken as true, see United States v. Goldberg, 756 F.2d 949, 950 (2d Cir.1985). Therefore, it is sufficient to defeat defendant's venue motion that the indictment alleges in Count Three that the conduct occurred "in the Southern District of New York and elsewhere." See Indictment ¶5; see, e.g., United States v. Bellomo, No. 02 Cr. 140,2003 WL 21078757, *17 (E.D.N.Y. Mar.13, 2003); United States v. Szur, No. 97 Cr. 108, 1998 WL 132942, *9 (S.D.N.Y. Mar.20, 1998).

That said, the Court is satisfied that the Government has alleged sufficient facts that, if proved at trial, would establish by a preponderance of the evidence that the Southern District of New York is a proper, if not the most natural, venue for Count Three. Whether the Government's proof at trial will comport with its proffer in connection with this motion remains to be seen. The ultimate decision on venue will have to await a jury verdict or a decision by the Court on a venue motion brought pursuant to Rule 29 of the Federal Rules of Criminal Procedure. See Szur, 1998 WL 132942 at *9 (quoting United States v. Beech-Nut, 871 F.2d 1181, 1188 (2d Cir.1989)).

Accordingly, the Court denies the motion to dismiss for lack of venue without prejudice and subject to renewal under Rule 29.

This constitutes the decision and order of the Court.

January 9, 2008

Colleen McMahon

4