UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                :

      -v.-                              :    INDICTMENT

ESMOND ELCOCK, JR.,                     :    S2 07 Cr. 582 (CM)
    a/k/a "Shawn,"
PIERRE RICHARD RENE,                    :
    a/k/a "Trump,"
NADINE WHITTINGHAM,                     :
TRAVIS SMALLS, and
JAMES MALLOY,                           :
    a/k/a "Sati,"
    a/k/a "Malik,"                      :

      Defendants.                       :

- - - - - - - - - - - - - - - - - - -X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 20 2008
```

## COUNT ONE

The Grand Jury charges:

1.   From at least in or about October 2005, up to and including in or about February 2006, in the Southern District of New York and elsewhere, ESMOND ELCOCK, JR., a/k/a "Shawn," PIERRE RICHARD RENE, a/k/a "Trump," NADINE WHITTINGHAM, TRAVIS SMALLS, and JAMES MALLOY, a/k/a "Sati," a/k/a "Malik," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1344.

2.   It was a part and object of the conspiracy that ESMOND ELCOCK, JR., a/k/a "Shawn," PIERRE RICHARD RENE, a/k/a

"Trump," NADINE WHITTINGHAM, TRAVIS SMALLS, and JAMES MALLOY, a/k/a "Sati," a/k/a "Malik," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain, by means of false and fraudulent pretenses, representations and promises, moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, in violation of Title 18, United States Code, Section 1344.

## Overt Acts

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In her capacity as a bank employee, NADINE WHITTINGHAM, the defendant, electronically accessed the accounts of an account holder (Victim-1) at a bank (the "Bank") several times between November 4 and November 21, 2005.

b. In her capacity as a bank employee, NADINE WHITTINGHAM, the defendant, electronically accessed the accounts of an account holder (Victim-2) at the Bank several times on or about November 25, 2005.

    c. In her capacity as a bank employee, NADINE WHITTINGHAM, the defendant, electronically accessed the accounts of an account holder (Victim-3) at the Bank several times between October 19, 2005 and January 24, 2006.

    d. In her capacity as a bank employee, NADINE WHITTINGHAM, the defendant, electronically accessed the accounts of an account holder (Victim-4) at the Bank several times between November 4 and November 17, 2005.

    e. In her capacity as a bank employee, NADINE WHITTINGHAM, the defendant, electronically accessed the accounts of an account holder (Victim-10) at the Bank several times on or about November 22, 2005.

    f. In her capacity as a bank employee, NADINE WHITTINGHAM, the defendant, electronically accessed the money market account of an account holder (Victim-11) at the Bank on or about December 12, 2005.

    g. On or about October 11, 2005, an unidentified co-conspirator called the Bank and changed the address on the accounts of Victim-3 from an address in Queens, New York to 437 Madison Avenue, New York, New York.

    h. During the same call, referenced in sub-paragraph (g) above, the unidentified co-conspirator ordered checks on Victim-3's account, and caused the checks to be mailed to the Madison Avenue address.

        i.   In or about October 2005, TRAVIS SMALLS, the defendant, introduced a woman (Witness-10) to two unidentified co-conspirators for the purpose of cashing checks.

        j.   Thereafter, the unidentified co-conspirators gave Witness-10 approximately three fraudulent checks, totaling approximately $20,300, drawn on Victim-3's account.

        k.   Over a period of approximately two days, Witness-10 cashed these checks, and provided the co-conspirators with the approximately $20,300 fraudulently obtained from Victim-3's account as a result.

        l.   On or about November 10, 2005, an unidentified co-conspirator called the Bank and changed the address on the checking and money market accounts of Victim-1 from an address in the Bronx, New York, to 350 Park Avenue, New York, New York.

        m.   In the same phone call, referenced in sub-paragraph (l) above, the unidentified co-conspirator ordered checks on Victim-1's account, and caused the checks to be mailed to the 350 Park Avenue address.

        n.   Between on or about November 14, 2005 and on or about November 18, 2005, ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, provided a woman (Witness-1) with approximately ten fraudulent checks drawn on one of the bank accounts of Victim-1.

o. ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, directed Witness-1 to cash the fraudulent checks drawn on Victim-1's account at various locations.

p. ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, collected from Witness-1 the approximately $80,000 fraudulently obtained from Victim-1's account.

q. On or about November 30, 2005, an unidentified co-conspirator called the Bank and changed the address on the accounts of Victim-2 from an address in Manhattan to 696 East 58th Street, Brooklyn, New York.

r. In the same phone call, referenced in sub-paragraph (q) above, the unidentified co-conspirator ordered checks on Victim-2's account, and caused the checks to be mailed to the Brooklyn address.

s. In or about the Fall of 2005, ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, drove a woman (Witness-2) to a branch of the Bank in Brooklyn so that she could open an account in order to cash some checks for him, but Witness-2 was told that she could not open an account.

t. ESMOND ELCOCK, JR., a/k/a "Shawn, the defendant, thereafter took Witness-2 to a branch of the Bank in Rosedale, Queens, where NADINE WHITTINGHAM, the defendant, authorized and opened the account.

u. Between on or about December 7, 2005 and on

5

or about December 15, 2005, ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, provided Witness-2 with approximately eleven fraudulent checks drawn on Victim-2's bank account.

   v. ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, directed Witness-2 to cash the checks at various locations.

   w. ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, collected from Witness-2 the approximately $71,800 fraudulently obtained from Victim-2's account.

   x. On or about November 21, 2005, an unidentified co-conspirator called the Bank and changed the address on the accounts of Victim-4 from an address in New Jersey to 5101 Avenue J, Brooklyn, New York.

   y. During the same call, referenced in sub-paragraph (x) above, the unidentified co-conspirator ordered checks on Victim-4's account, and caused the checks to be mailed to the Avenue J address.

   z. In or about the Fall of 2005, PIERRE RICHARD RENE, a/k/a "Trump," the defendant, met a woman (Witness-6), and told her that he had a friend who could help her with starting her own business.

   aa. PIERRE RICHARD RENE, a/k/a "Trump," the defendant, introduced Witness-6 to ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant.

bb.  Thereafter, ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, gave Witness-6 a fraudulent check for approximately $59,000.

cc.  ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, directed Witness-6 to deposit the check into her personal account, and then directed her to wire $50,000 of the money to another account.  The check was drawn on the Bank account of Victim-4.

dd.  In or about December 2005, an unidentified co-conspirator called the Bank and changed the address on the accounts of Victim-10 from an address in Oakdale, New York to 5307 Avenue H, Brooklyn, New York.

ee.  During the same call, referenced in sub-paragraph (dd) above, the unidentified co-conspirator ordered checks on Victim-10's account, and caused the checks to be mailed to the Avenue H address.

ff.  In or about late 2005, JAMES MALLOY, a/k/a "Sati," a/k/a "Malik," the defendant, was introduced to a woman (Witness-9).  MALLOY was introduced to Witness-9, through a friend, so that Witness-9 could assist MALLOY in cashing several checks.

gg.  Thereafter, JAMES MALLOY, a/k/a "Sati," a/k/a "Malik," the defendant, gave Witness-9 approximately 14 fraudulent checks, drawn on Victim-10's account and totaling

7

approximately $62,750.

    hh. Over a period of approximately two weeks in or about December 2005, Witness-9 cashed these checks, and provided JAMES MALLOY, a/k/a "Sati," a/k/a "Malik," the defendant, with the approximately $62,750 fraudulently obtained from Victim-10's account.

    ii. On or about December 22, 2005, an unidentified co-conspirator called the Bank and changed the address on the accounts of Victim-11 from an address on Long Island to 80 Madison Avenue, New York, New York.

    jj. During the same call, referenced in sub-paragraph (ii) above, the unidentified co-conspirator ordered checks on Victim-11's account, and caused the checks to be mailed to the Madison Avenue address.

    kk. In or about January 2006, an unidentified co-conspirator asked a woman (Witness-11) if she had an account with the Bank and could assist a friend of his, "Malik," who owned a music business and needed someone to cash the paychecks of illegal immigrants who worked for him.

    ll. Thereafter, JAMES MALLOY, a/k/a "Sati," a/k/a "Malik," the defendant, gave Witness-11 approximately six fraudulent checks, totaling approximately $50,000, drawn on Victim-11's account.

    mm. Over a period of approximately three days, in

or about January 2006, Witness-11 cashed these checks, and provided JAMES MALLOY, a/k/a "Sati," a/k/a "Malik," the defendant, with the approximately $50,000 fraudulently obtained from Victim-11's account as a result.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

The Grand Jury further charges:

4. From in or about October 2005 up to and including in or about February 2006, in the Southern District of New York and elsewhere, ESMOND ELCOCK, JR., a/k/a "Shawn," the defendant, unlawfully, willfully, and knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain, by means of false and fraudulent pretenses, representations and promises, the moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, such financial institution, to wit, ELCOCK provided to individuals not named herein several fraudulent checks drawn on accounts at a bank, having a total aggregate value of at least $1 million, for the purpose of having those individuals either cash the checks and return the proceeds to him, or deposit the checks and redirect the funds pursuant to his instructions.

(Title 18, United States Code, Sections 1344 and 2.)

COUNT THREE

The Grand Jury further charges:

5. From in or about October 2005 up to and including in or about February 2006, in the Southern District of New York and elsewhere, NADINE WHITTINGHAM, the defendant, unlawfully, willfully, and knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain, by means of false and fraudulent pretenses, representations and promises, the moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, such financial institution, to wit, WHITTINGHAM accessed, without authorization, several accounts at a bank where she was employed, and shared information about those accounts with co-conspirators for the purpose of fraudulently obtaining the funds in those accounts, resulting in a loss in excess of $1 million.

(Title 18, United States Code, Sections 1344 and 2.)

FORFEITURE ALLEGATION AS TO COUNT ONE

6. As a result of committing the offense alleged in Count One of this Indictment, ESMOND ELCOCK, JR., a/k/a "Shawn," PIERRE RICHARD RENE, a/k/a "Trump," NADINE WHITTINGHAM, TRAVIS SMALLS, and JAMES MALLOY, a/k/a "Sati," a/k/a "Malik," the defendants, shall forfeit to the United States pursuant to 18

U.S.C. § 982(a)(2)(A), any property constituting or derived from proceeds obtained directly or indirectly as a result of the offense charged in Count One above.

<u>Substitute Asset Provision</u>

7. If any of the above-described forfeitable property, as a result of any act or omission of one of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982(a)(2)(A) and
Title 18, United States Code, Section 1349.)

_____    _____
Foreperson                    MICHAEL J. GARCIA
                              United States Attorney

11

```
          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF NEW YORK


             UNITED STATES OF AMERICA

                      - v. -

       ESMOND ELCOCK, JR., a/k/a "Shawn,"
       PIERRE RICHARD RENE, a/k/a "Trump,"
               NADINE WHITTINGHAM,
                  TRAVIS SMALLS,
                       and
       JAMES MALLOY, a/k/a "Sati," a/k/a "Malik,"

                    Defendants.


                     INDICTMENT

                  S2 07 Cr. 582 (CM)

              (18 U.S.C. §§ 1349, 1344, 2.)




                                MICHAEL J. GARCIA
                              United States Attorney.

                     A TRUE BILL


                         _____
                                    Foreperson.
```

*Indictment filed, arrest warrant issued*

*F. Maas USMJ*