UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                   :
UNITED STATES OF AMERICA
                                   :
            -v.-                   :      S2 07 Cr. 582 (CM)
                                   :
NADINE WHITTINGHAM,
                                   :
            Defendant.
                                   :
- - - - - - - - - - - - - - - - - -x


**<u>GOVERNMENT'S REQUESTS TO CHARGE</u>**


                        MICHAEL J. GARCIA
                        *United States Attorney for the*
                        *Southern District of New York*
                        *Attorney for the United States of*
                        *America*


JENNA M. DABBS
THOMAS G. A. BROWN
*Assistant United States Attorneys*
    *-Of Counsel-*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                   :
UNITED STATES OF AMERICA
                                   :
        -v.-                            S2 07 Cr. 582 (CM)
                                   :
NADINE WHITTINGHAM,
                                   :
                  Defendant.
                                   :
- - - - - - - - - - - - - - - - - -x


## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## TABLE OF CONTENTS

**Request No.**                                                          **Page**

1.   General Requests . . . . . . . . . . . . . . . . . . . . . 1

2.   The Indictment . . . . . . . . . . . . . . . . . . . . . . 2

**Count One -- Conspiracy To Commit Bank Fraud**

3.   The Indictment And The Statute . . . . . . . . . . . . . 4

4.   Purpose Of The Statute; Distinct From
     Substantive Offense . . . . . . . . . . . . . . . . . . . 5

5.   Elements Of Conspiracy . . . . . . . . . . . . . . . . . 7

6.   First Element -- Existence Of The Conspiracy . . . . . . 8

7.   Second Element -- Membership In The Conspiracy . . . . . 12

8.   Time of Conspiracy . . . . . . . . . . . . . . . . . . . 17

9.   Acts And Declarations Of Co-Conspirators . . . . . . . . 18

**Count Three -- Bank Fraud**

10.  Substantive Offense . . . . . . . . . . . . . . . . . . 20

11.  The Statute And The Indictment  . . . . . . . . . . . . 21

12.  Elements Of The Offense . . . . . . . . . . . . . . . . 23

13.  First Element -- Existence of Scheme or Artifice . . . . 25

14.  Second Element -- Participation In Scheme With
     Intent To Defraud . . . . . . . . . . . . . . . . . . . 31

15.  Third Element -- Federally Insured Financial
     Institution . . . . . . . . . . . . . . . . . . . . . . 35

16.  Aiding And Abetting . . . . . . . . . . . . . . . . . . 36

**Further General Instructions**

17.  Venue . . . . . . . . . . . . . . . . . . . . . . . . . 39

18.  Consciousness of Guilt From Evidence of

ii

    False Exculpatory Statement . . . . . . . . . . . .  41

19. Variance In Amounts, Dates, And Facts Alleged . . . . .  42

20. Expert Testimony . . . . . . . . . . . . . . . . . .  43

21. Defendant's Testimony . . . . . . . . . . . . . . . .  45

22. Defendant's Right Not To Testify . . . . . . . . . . .  46

23. Uncalled Witness: Equally Available To Both Sides . . .  47

24. Charts And Summaries . . . . . . . . . . . . . . . .  49

25. Testimony Of Law Enforcement Witnesses . . . . . . . .  51

26. Agreements Not to Prosecute Government Witnesses . . . .  52

27. Persons Not On Trial . . . . . . . . . . . . . . . .  54

28. Particular Investigative Techniques Not Required . . . .  55

29. Stipulations Of Testimony . . . . . . . . . . . . . .  56

30. Stipulations Of Fact . . . . . . . . . . . . . . . .  57

31. Preparation Of Witnesses . . . . . . . . . . . . . .  58

32. Character Witnesses . . . . . . . . . . . . . . . . .  59

33. Conclusion . . . . . . . . . . . . . . . . . . . . .  61

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function Of Court And Jury

b.  Indictment Not Evidence

c.  Statements Of Court And Counsel Not Evidence

d.  Rulings on Evidence and Objections

e.  Burden Of Proof And Presumption Of Innocence

f.  Reasonable Doubt

g.  Government Treated Like Any Other Party

h.  Inferences

i.  Definitions And Examples Of Direct And Circumstantial Evidence

j.  Credibility Of Witnesses

k.  Interest In Outcome

l.  Right To See Exhibits And Have Testimony Read During Deliberations

m.  Sympathy: Oath As Jurors

n.  Punishment Is Not To Be Considered By The Jury

o.  Verdict Of Guilt Or Innocence Must Be Unanimous

## REQUEST NO. 2

### The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains two counts or charges against NADINE WHITTINGHAM.

Count One of the Indictment charges defendant NADINE WHITTINGHAM, and others known and unknown, with conspiring to commit bank fraud by obtaining personal information about several customer accounts at Bank of America, and using that information to change the addresses on those accounts, transfer funds between accounts, and negotiate fraudulent checks drawn on those accounts, thereby obtaining without authorization more than $1 million from the victim accounts.

Count Three charges NADINE WHITTINGHAM with actually committing bank fraud, and aiding and abetting the commission of bank fraud, in connection with the scheme that I have just described.

I will now instruct you about the elements of these offenses.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
> Instr. 35-45; the charge of the Honorable Kevin Thomas
> Duffy in <u>United States v. Ogarro</u>, 92 Cr. 114 (S.D.N.Y.
> 1992); the charge of the Honorable Kevin Thomas Duffy
> in <u>United States v. Burnett</u>, 92 Cr. 731 (S.D.N.Y.
> 1993); and the charge of the Honorable Richard M.

2

Berman in <u>United States v. Manuel Pena</u>, 00 Cr. 36
(S.D.N.Y. 2001).

<u>**REQUEST NO. 3**</u>

**Count One -- Conspiracy To Commit Bank Fraud:**
<u>**The Indictment And The Statute**</u>

As I said, Count One of the Indictment charges the defendant NADINE WHITTINGHAM with conspiring to commit bank fraud. Specifically, Count One charges, and I am reading now from the Indictment, that:

*[The Court is respectfully requested to read Count One of the Indictment, excluding the "overt acts" section.]*

The relevant statute on this subject, Section 1349 of Title 18 of the United States Code, provides:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-1.

4

<u>REQUEST NO. 4</u>

### Count One -- Conspiracy To Commit Bank Fraud: <u>Purpose Of The Statute; Distinct From Substantive Offense</u>

As I said, Count One charges a conspiracy to commit bank fraud. A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy -- or unlawful agreement -- to commit bank fraud, as charged in Count One of the Indictment, is an independent offense. That is, a conspiracy is separate and distinct from the actual violation of any specific federal law.

The actual violation of any specific federal law is referred to as a "substantive crime." Count Three, which I will discuss in a few moments, is a "substantive crime."

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, whether or not the object of the conspiracy is achieved. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture. The law of conspiracy serves ends different from, and complementary to, those served by criminal prohibitions of the substantive offense. Specifically, the law of conspiracy serves two independent values: (a) it protects society from the dangers of concerted criminal activity; and (b) it serves a preventive function by stopping criminal

5

conduct in its early stages of growth before it has a full
opportunity to bloom.

Given that a conspiracy and a substantive crime are
distinct and independent offenses, you may find the defendant
guilty of the crime of conspiracy -- even if you find that she
never actually committed the substantive crime that was the
object of the conspiracy.  By the same token, you can find the
defendant guilty of committing bank fraud, even if you find the
defendant not guilty of conspiracy to commit bank fraud.

> Adapted from the charges of the Honorable Leonard B.
> Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y.
> 1992), and United States v. Pignatiello, 96 Cr. 1032
> (S.D.N.Y.); the charge of the Honorable John G. Koeltl
> in United States v. Szur, 97 Cr. 108 (S.D.N.Y. 1998);
> and Sand, Modern Federal Jury Instructions, Instr. 19-
> 2; see United States v. Labat, 905 F.2d 18, 21 (2d Cir.
> 1990) ("Since the essence of conspiracy is the
> agreement and not the commission of the substantive
> offense that is its objective, the offense of
> conspiracy may be established even if the collaborators
> do not reach their goal.").

<u>REQUEST NO. 5</u>

### Count One -- Conspiracy To Commit Bank Fraud:
<u>Elements Of Conspiracy</u>

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt the following two elements:

<u>First</u>, the existence of the conspiracy charged in the Indictment, that is, an agreement or understanding to violate the laws of the United States that make it a crime to commit bank fraud; and

<u>Second</u>, that the defendant unlawfully, knowingly, and willfully became a member of the conspiracy.

Now let us separately consider these elements.

Adapted from the charge of the Honorable Robert J. Ward in <u>United States v. Williams</u>, 97 Cr. 274 (RJW) (S.D.N.Y. 1999), and the charge of the Honorable Leonard B. Sand in <u>United States v. Rios</u>, 91 Cr. 914 (S.D.N.Y. 1992); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-3; <u>see</u> <u>Whitfield v. United States</u>, 543 U.S. 209, 214 (2005); <u>United States v. Shabani</u>, 513 U.S. 10, 14-15 (1994) (Congressional silence regarding an overt act requirement in a statute more specific than Section 371 means that Congress dispensed with such a requirement); <u>United States v. Warshak</u>, No. 1:06 Cr. 111, 2008 WL 483339, at *1 (S.D. Ohio Feb. 19, 2008) (no overt act requirement for Section 1349).

<u>REQUEST NO. 6</u>

### Count One -- Conspiracy To Commit Bank Fraud: <u>First Element -- Existence Of The Conspiracy</u>

Starting with the first element, what is a conspiracy? As I mentioned just a few minutes ago, a conspiracy is an agreement, or an understanding, between two or more people to accomplish by joint action a criminal or unlawful purpose. In this instance, the unlawful purpose alleged to be the object of the conspiracy charged in Count One is bank fraud.

The essence of the crime of conspiracy is the unlawful combination or agreement between two or more people to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

The conspiracy alleged here in Count One, therefore, is an <u>agreement</u> to commit bank fraud. As I instructed you before, it is an entirely distinct and separate offense from the <u>actual</u> commission of the crime of bank fraud, which is charged separately in Count Three.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people agree

8

to enter into a criminal conspiracy, much is left to the
unexpressed understanding.  It is rare that a conspiracy can be
proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the
evidence must show that two or more persons, in some way or in
some manner, either explicitly or implicitly, came to an
understanding to violate the law and to accomplish an unlawful
plan.

In determining whether there has been an unlawful
agreement as alleged in the Indictment, you may consider the
actions of all of the alleged co-conspirators that were taken to
carry out the apparent criminal purpose.  The old adage, "actions
speak louder than words," applies here.  Often, the only evidence
that is available with respect to the existence of a conspiracy
is that of disconnected acts on the part of the alleged
individual co-conspirators.  When taken all together and
considered as a whole, however, that conduct may warrant the
inference that a conspiracy existed just as conclusively as more
direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the
evidence established beyond a reasonable doubt the existence of
the conspiracy charged in the Indictment.  In considering this
first element, you should consider all the evidence that has been
admitted with respect to the conduct and statements of each

9

alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements.  As I have already stated, it is sufficient to establish the existence of the conspiracy if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objective of the conspiracy charged in the Indictment.

### Object Of The Conspiracy -- Bank Fraud

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve.  The Indictment here charges that the conspiracy alleged in Count One had as its object the commission of bank fraud.  I will explain the law regarding bank fraud later in my instructions.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992); the charge of the Honorable Kevin T. Duffy in United States v. Ogarro, 92 Cr. 114 (S.D.N.Y. 1992); the charge of the Honorable Kevin T. Duffy in United States v. Burnett, 92 Cr. 731 (S.D.N.Y. 1993); and Sand, Modern Federal Jury Instructions, Instr. 19-4; see United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the

10

government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); <u>United States v. Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

## REQUEST NO. 7

### Count One -- Conspiracy To Commit Bank Fraud:
### Second Element -- Membership In The Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question:  Whether defendant NADINE WHITTINGHAM participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant unlawfully, knowingly, and willfully entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

### "Unlawfully," "Willfully," And "Knowingly" Defined

The term "unlawfully" simply means contrary to law.  In order to prove that the defendant acted "unlawfully," the Government need not prove that the defendant knew that she was breaking any particular law or any particular rule.  The Government must only show that the defendant was aware of the generally unlawful nature of her acts.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with

12

an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others.  The Government contends that these acts, conversations, and statements show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on her part.  To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary for a defendant to receive any monetary benefit from her participation in the conspiracy, or to have a financial stake in the outcome.  It is enough if she participated in the conspiracy unlawfully, willfully, and knowingly, as I have defined those terms.

The duration and extent of the defendant's

13

participation has no bearing on the issue of the defendant's guilt.  The defendant need not have joined the conspiracy at the outset.  She may have joined it at any time -- at the beginning, in the middle, or at the end.  Regardless of when she may have joined, she will still be held responsible for all that was done before she joined and all that was done during the conspiracy's existence while she was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor roles.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.

For example, some of the ways that the Government might satisfy this element include the defendant's presence at critical stages or critical places related to the conspiracy that are not

14

due to happenstance; the defendant's participation in
conversations or communications directly related to the substance
of the conspiracy; receipt, or expectation of receipt, of a share
of the profits of the conspiracy.  It is for you alone to
determine what inferences concerning the defendant's
participation in the conspiracy to draw from all of the evidence
that you have heard.

        In sum, the defendant, with an understanding of the
unlawful nature of the conspiracy, must have intentionally
engaged, advised, or assisted in the conspiracy for the purpose
of furthering an illegal undertaking.  The defendant thereby
becomes a knowing and willing participant in the unlawful
agreement -- that is to say, a conspirator.

        A conspiracy, once formed, is presumed to continue
until either its objective is accomplished or there is some
affirmative act of termination by its members.  So, too, once a
person is found to be a member of a conspiracy, she is presumed
to continue her membership in the venture until its termination,
unless it is shown by some affirmative proof that she withdrew
and disassociated herself from it.

                Adapted from the charge of the Honorable Leonard B.
                Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y.
                1992); and Sand, Modern Federal Jury Instructions,
                Instr. 19-6, 56-18; see United States v. Aleskerova,
                300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner
                in which Government may show participation in
                conspiracy with required state of mind); United States
                v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The

                            15

defendant's knowledge of the conspiracy and
participation in it with the requisite criminal intent
may be established through circumstantial evidence.  A
defendant need not have joined a conspiracy at its
inception in order to incur liability for the unlawful
acts of the conspiracy committed both before and after
he or she became a member."); <u>United States v. Miranda-
Ortiz</u>, 926 F.2d 172, 175-76 (2d Cir.) (generally
discussing proof required to show membership in
conspiracy), <u>cert. denied</u>, 112 S. Ct. 347 (1991);
<u>United States v. Maldonado-Rivera</u>, 922 F.2d 934, 960
(2d Cir. 1990) (same), <u>cert. denied</u>, 111 S. Ct. 2858
(1991).

16

**REQUEST NO. 8**

**Count One -- Conspiracy To Commit Bank Fraud:
Time of Conspiracy**

The Indictment alleges that the conspiracy existed from at least in or about October 2005 up to and including in or about February 2006.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 3-12.

17

## REQUEST NO. 9

### Count One -- Conspiracy To Commit Bank Fraud: Acts And Declarations Of Co-conspirators

You will recall that I have admitted at this trial evidence of the acts and statements of at least one other individual because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendant.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a

18

member of the same conspiracy may also be considered against the defendant.  This is so even if such acts were committed or such statements were made in the defendant's absence, and without her knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from the charge of the Honorable Michael B.
> Mukasey in <u>United States v. Salam</u>, S1 98 Cr. 208 (MBM)
> (S.D.N.Y. 1999).

19

## REQUEST NO. 10

### Count Three -- Bank Fraud:
### Substantive Offense

We come now to Count Three, the so-called substantive count of the Indictment.  Before I describe the elements of that offense, I would like to say something to you in further clarification of the difference between the conspiracy count, Count One, and the substantive count, Count Three.  The violation charged in Count Three is alleged to be the object of the conspiracy charged in Count One.  Conspiracy as you will recall, is a crime separate from the violation that forms its object.  Because the Government contends that the substantive violation that I will now instruct you on actually occurred, the defendant is charged in the Indictment with committing the substantive offense as well as with conspiracy.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Pignatiello, 96 Cr. 1032 (S.D.N.Y. 1999).

20

<u>REQUEST NO. 11</u>

<u>Count Three -- Bank Fraud:</u>
<u>The Statute And The Indictment</u>

Count Three of the Indictment charges defendant NADINE WHITTINGHAM with violating Title 18, United States Code, Sections 1344 and 2.  Section 1344 provides in pertinent part that it is a crime to:

> knowingly execute[], or attempt[] to execute a scheme or artifice --
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

Specifically, Count Three of the Indictment charges that the defendant, NADINE WHITTINGHAM, executed and attempted to execute, and aided and abetted the execution and attempted execution of, a scheme and artifice to defraud the Bank of America, and to obtain money from that bank, by accessing without authorization several accounts at the Bank of America where she was employed at the time, and sharing information about those accounts with others for the purpose of fraudulently obtaining the funds in those accounts.

Count Three reads as follows:

*[The Court is respectfully requested to read Count Three of the Indictment.]*

Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States v. Bello</u>, 91 Cr. 571

21

(S.D.N.Y. 1992), <u>aff'd mem.</u>, 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable Robert W. Sweet in <u>United States v. Morgenstern</u>, 89 Cr. 693 (S.D.N.Y. 1990), <u>aff'd</u>, 933 F.2d 1108 (2d Cir. 1991); the charge of the Honorable Pierre N. Leval in <u>United States v. Gibson</u>, 91 Cr. 669 (S.D.N.Y. 1992), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-1 (mail and wire fraud) (based on the charge of the Honorable Edward Weinfeld in <u>United States v. Ranney</u>, 82 Cr. 771 (EW) (S.D.N.Y. 1983)).

22

<u>REQUEST NO. 12</u>

**Count Three -- Bank Fraud:**
**<u>Elements Of The Offense</u>**

In order to prove the defendant guilty of bank fraud, the Government must establish beyond a reasonable doubt the following three essential elements:

<u>First</u>, that on or about the dates set forth in the Indictment, in the Southern District of New York, the defendant executed, attempted to execute, or participated in a scheme or artifice to defraud a bank, <u>or</u> that the defendant executed, attempted to execute, or participated in a scheme or artifice to obtain money owned by or under the custody or control of a bank, by means of false or fraudulent pretenses, representations, or promises;

<u>Second</u>, that the defendant knowingly and willfully engaged in the scheme or artifice -- that is, that she acted with knowledge of the fraudulent nature of the scheme and with the specific intent to defraud the bank or to obtain, by deceiving the bank, money owned or controlled by that bank; and

<u>Third</u>, that the bank involved had its deposits insured by the Federal Deposit Insurance Corporation.

I will now explain each of the three elements of bank fraud in more detail.

> Adapted from the charge of the Honorable Robert J. Ward in <u>United States v. Williams</u>, 97 Cr. 274 (RJW) (S.D.N.Y. 1999), and the charge of the

23

Honorable Michael B. Mukasey in United States v.
Bello, 91 Cr. 571 (S.D.N.Y. 1992), aff'd mem., 990
F.2d 622 (2d Cir. 1993); the charge of the
Honorable Robert W. Sweet in United States v.
Morgenstern, 89 Cr. 693 (S.D.N.Y. 1990), aff'd,
933 F.2d 1108 (2d Cir. 1991); the charge of the
Honorable Pierre N. Leval in United States v.
Gibson, 91 Cr. 669 (S.D.N.Y. 1992), and from Sand,
Modern Federal Jury Instructions, Instr. 44-9.

24

<u>**REQUEST NO. 13**</u>

**Count Three -- Bank Fraud:**
<u>**First Element -- Existence Of Scheme Or Artifice**</u>

The first element that the Government must prove beyond a reasonable doubt is that, from in or about October 2005 through in or about February 2006, there was: (a) a scheme or artifice to defraud a bank; <u>or</u> (b) a scheme or artifice to obtain money owned by or under the custody and control of a bank by means of false or fraudulent pretenses, representations, or promises that were material to the scheme.

The Government must prove the existence of only one of these. That is, the Government needs to prove <u>either</u> that there existed a scheme or artifice to defraud a bank <u>or</u> a scheme or artifice to obtain money, funds, credits or assets under the custody or control of a bank by means of fraudulent pretenses, representations, or promises. These are not necessarily mutually exclusive. If you find beyond a reasonable doubt that either one of these schemes or artifices, or both, existed, then the first element is satisfied. However, you must be unanimous in your view as to the type of scheme or artifice that existed.

I will now explain to you what these terms mean. They are almost self-explanatory.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.

A "scheme to defraud" a bank is a pattern or course of

25

conduct designed to deceive a bank into releasing money or property, with the intent to threaten or victimize the bank by exposing it to actual or potential loss. It is a term that embraces all possible means -- however ingenious, clever, or crafty -- by which a person seeks to gain some unfair advantage. A scheme to defraud can be accomplished through trickery, deceit, deception, or swindle. It includes intentional misrepresentation and false suggestion, suppression, or concealment of the truth.

That defines a scheme to defraud a bank -- the first type of scheme prohibited by the bank fraud statute.

The second type of scheme charged is a scheme to obtain a bank's money by means of false or fraudulent pretenses, representations, or promises. As to this type of scheme, the Government must show that false or fraudulent pretenses, representations, or promises were employed, and that they were directed at the bank with the intention of deceiving it. The deceptive means that are prohibited are not limited to active misrepresentations or lies told to the bank. Just as affirmatively stating facts as true when the facts are not true may constitute a false representation, the law recognizes that false representations need not be based on spoken words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading. The misrepresentation may be written,

26

oral, or arise from a course of conduct intended to communicate false facts to the bank.

In addition, the false representations and pretenses must be "material."  We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.  A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement or writing in making a decision. That means that if you find a particular statement or writing to have been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision.

It is unimportant whether the bank actually relied upon the misrepresentation.  It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision and is intended by the defendant to do so.

Similarly, the Government need not prove an actual loss of funds by the bank.  The success of a scheme to defraud is irrelevant; what matters is whether there existed a scheme to defraud.  However, the Government must prove beyond a reasonable doubt that, by executing, attempting to execute, or participating in the scheme alleged in the Indictment, the defendant placed a bank at a risk of a loss, and that the bank did not knowingly

27

accept such risk.

Furthermore, it is unimportant whether the bank might have discovered the fraud had it probed further.  If you find that a scheme or artifice existed, it is irrelevant whether you believe that the bank was careless, gullible, or even negligent.

Here, the Government alleges that the defendant engaged in a scheme to defraud the Bank of America, and to obtain money under the control of the Bank of America by obtaining personal information about several customer accounts at the Bank of America, and providing that information to others who then transferred funds between accounts and negotiated fraudulent checks drawn on those accounts, thereby obtaining without authorization funds from the victim accounts at the Bank of America.

In order to establish the existence of a scheme, the Government is not required to establish that the defendant herself originated the scheme to defraud.  As I will explain in more detail later, it is sufficient if you find that a scheme to defraud existed and that the defendant knowingly and willfully participated in that scheme with intent to defraud, even if the scheme was originated by another.  Nor is it necessary for the Government to establish that the scheme actually succeeded -- that is, that the schemers realized any gain from the scheme or that the intended victim suffered any loss.  It is sufficient if

28

the scheme was devised and employed.  The issue with respect to this first element is whether there was such a scheme.

If you find that the Government has sustained its burden of proof that a scheme to defraud a bank or to obtain money from a bank by false or fraudulent pretenses or representations did exist, you next should consider the second element.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (S.D.N.Y. 1992), aff'd mem., 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable Robert W. Sweet in United States v. Morgenstern, 89 Cr. 693 (S.D.N.Y. 1990), aff'd, 933 F.2d 1108 (2d Cir. 1991); the charge of the Honorable Pierre N. Leval in United States v. Gibson, 91 Cr. 669 (S.D.N.Y. 1992); Sand, Modern Federal Jury Instructions, Instr. 44-10; Neder v. United States, 527 U.S. 1, 24-25 (1999); and from United States v. Thomas, 377 F.3d 232 (2d Cir. 2004).

> See United States v. Ragosta, 970 F.2d 1085, 1089-91 (2d Cir.) (discussing what Government must show to establish "scheme to defraud" under first prong, § 1344(1); Government need not prove misrepresentation), cert. denied, 113 S. Ct. 608 (1992).  See also United States v. Stavroulakis, 952 F.2d 686, 694 (2d Cir.) ("[A] conviction under the 'scheme to defraud' clause [§ 1344(1)] of the bank fraud statute requires that the defendant engage in or attempt to engage in a pattern or course of conduct designed to deceive a federally chartered or insured financial institution into releasing property, with the intent to victimize the institution by exposing it to actual or potential harm. . . .[T]he bank need not actually be victimized."), cert. denied, 112 S. Ct. 1982 (1992).

> See United States v. Bronston, 658 F.2d 920, 927 (2d Cir. 1981) (mail fraud; Government must show that "any nondisclosures or affirmative misrepresentations must have been material"), cert. denied, 456 U.S. 915 (1982).  See also United States v. Swearingen, 858 F.2d 1555 (11th Cir. 1988) (discussing materiality

29

requirement under bank fraud statute: "[A]ctual reliance by the Bank on the false statements is not determinative.  The question is whether the false representations were capable of influencing the Bank's actions."), cert. denied, 489 U.S. 1083 (1989).  See also United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981) (mail fraud; "A misrepresentation may be material without inducing any actual reliance.  What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose.") (citing United States v. Regent Office Supply Co., 421 F.2d 1174, 1182 (2d Cir. 1970)).

**REQUEST NO. 14**

**Count Three -- Bank Fraud:**
**Second Element -- Participation In Scheme With Intent To Defraud**

The second element that the Government must establish beyond a reasonable doubt is that the defendant acted knowingly, willfully, and with the intent to defraud the bank or to obtain money owned or possessed by the bank, or under the bank's custody or control.

As I told you earlier, a person acts "knowingly" if she acts voluntarily and intentionally and not because of mistake, or accident, or other innocent reason.  A person acts "willfully" and "intentionally" if she acts voluntarily and with the specific intent to disobey or disregard the law.  It is not necessary that the defendant knew that she was violating a particular law.  It is enough if she was aware that what she was doing was, in general, unlawful.

The Government must prove beyond a reasonable doubt that the defendant acted not only knowingly and willfully, but also with the intent to defraud a bank or to deprive a bank of money or property.  In other words, the Government must prove that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed.  As I mentioned, it is not necessary for the Government to establish that the defendant originated the scheme to defraud.  It is

31

enough if you find that a fraudulent scheme existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.  It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme.  The defendant's guilt is not governed by the extent of her participation.

It also is not necessary that the defendant participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, she is nevertheless equally guilty, so long as she became a member of the scheme to defraud with knowledge of its general scope and purpose.

Moreover, if you find that a fraudulent scheme existed and was put together by others, you would be entitled to find that the defendant had participated in the scheme if she knowingly and intentionally aided and abetted others in their execution of the scheme.  I will define aiding and abetting for you in a few moments.

32

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question. These questions involve the state of mind of the defendant.

As I explained to you, direct proof of knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

In making the determination of the state of mind of the

33

defendant that you are considering from the circumstances at hand, let me remind you that circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

        Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (S.D.N.Y. 1992), aff'd mem., 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable Robert W. Sweet in United States v. Morgenstern, 89 Cr. 693 (S.D.N.Y. 1990), aff'd, 933 F.2d 1108 (2d Cir. 1991); the charge of the Honorable Pierre N. Leval in United States v. Gibson, 91 Cr. 669 (S.D.N.Y. 1992); the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); the charge of the Honorable John G. Koeltl in United States v. Szur, 97 Cr. 108 (S.D.N.Y. 1998); the charge of the Honorable Allen G. Schwartz in United States v. Reinhold, 97 Cr. 686 (S.D.N.Y. 1998); and from Sand, Modern Federal Jury Instructions, Instr. 44-5, 44-11 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)).

<u>REQUEST NO. 15</u>

### Count Three -- Bank Fraud:
### <u>Third Element -- Federally Insured Financial Institution</u>

The final element that the Government must prove beyond a reasonable doubt under Count Three of the Indictment is that the bank in question -- the Bank of America -- was a federally insured financial institution at the time of the scheme.  This simply means that the bank's deposits had to be insured by the Federal Deposit Insurance Corporation during the time frame alleged in the Indictment.

[*If appropriate*:  You have heard a stipulation by the Government and the defendant that the Bank of America was, at all relevant times, a federally insured bank.  Accordingly, this element is not in dispute.]

The Government need <u>not</u> show that the defendant knew that the Bank of America was federally insured to satisfy this third element.

> Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States v. Bello</u>, 91 Cr. 571 (S.D.N.Y. 1992), <u>aff'd mem.</u>, 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable Robert W. Sweet in <u>United States v. Morgenstern</u>, 89 Cr. 693 (S.D.N.Y. 1990), <u>aff'd</u>, 933 F.2d 1108 (2d Cir. 1991); the charge of the Honorable Pierre N. Leval in <u>United States v. Gibson</u>, 91 Cr. 669 (S.D.N.Y. 1992), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-12; <u>see also</u> 18 U.S.C. § 20 (defining financial institution).

35

## REQUEST NO. 16

### Count Three -- Bank Fraud:
### Aiding And Abetting

In addition to charging the defendant with committing bank fraud, Count Three of the Indictment also charges the defendant with aiding and abetting substantive bank fraud.

The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant herself physically committed the bank fraud with which she is charged in order for you to find her guilty. Thus, even if you do not find beyond a reasonable doubt that the defendant committed the crime charged, you may, under certain circumstances, still find her guilty of that crime as an aider or abettor of that crime.

A person who aids or abets another to commit an offense, is just as guilty of that offense as if he or she committed it himself or herself. Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

36

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate herself in some way with the crime, and that she willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which she is charged, ask yourself

37

these questions.  First, did the defendant participate in the crime charged as something she wished to bring about?  Second, did that defendant associate herself with the criminal venture knowingly and willfully?  And third, did the defendant seek, by her actions, to make the criminal venture succeed?

If the defendant did so, then she is an aider and abettor, and therefore guilty of the offense.  If the defendant did not do so, then she is not an aider and abettor, and is not guilty of that offense.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 11-1 and 11-2; the charge of the Honorable Allen G. Schwartz in United States v. Reinhold, 97 Cr. 686 (S.D.N.Y. 1998); and the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977); see United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir.) (same), cert. denied, 454 U.S. 820 (1981).

REQUEST NO. 17

**Counts One and Three -- Conspiracy to Commit
Bank Fraud/Bank Fraud: Venue**

In addition to all of the elements of conspiracy to
commit bank fraud, Count One, and substantive bank fraud, Count
Three, that I have described for you, you must decide separately
whether any act in furtherance of each alleged crime occurred
within the Southern District of New York.

The Southern District of New York encompasses
Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess,
Orange, and Sullivan Counties. Anything that occurs in the
counties I have listed for you occurs in the Southern District of
New York.

As to the venue requirement and the venue requirement
only for Counts One and Three, the Government need not prove
venue beyond a reasonable doubt, but only by a mere preponderance
of the evidence. That is, you must decide whether it is more
likely than not that, with respect to the conspiracy count, the
agreement occurred in the Southern District of New York or an act
in furtherance of the conspiracy occurred in the Southern
District of New York. For the substantive bank fraud count,
Count Three, you must decide whether it is more likely than not
that the defendant knowingly caused an act in furtherance of the
charged offense to occur in the Southern District of New York.

If you find that the Government has failed to prove

39

this venue requirement as to either the conspiracy to commit or the bank fraud counts, then you must acquit the defendant on that count.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in <u>United States v. Rogers</u>, 90 Cr. 377 (S.D.N.Y. 1991); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-11; <u>see</u> 18 U.S.C. § 3237 (general venue provision for offenses beginning in one judicial district and ending in another); <u>see also</u> <u>United States. v. Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), <u>cert. denied</u>, 112 S. Ct. 660 (1991).

40

<u>REQUEST NO. 18</u>

## Consciousness of Guilt From Evidence of <u>False Exculpatory Statement</u>

You have heard testimony that the defendant made certain statements to law enforcement agents and others in the past in which the defendant claimed that her conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which she exonerated or exculpated herself are false.

False exculpatory statements are circumstantial evidence of a defendant's consciousness of guilt and have independent probative value.  If you find that the defendant made a false statement in order to divert suspicion from herself, you may, but are not required to draw the conclusion that the defendant believed that she was guilty.  You may not, however, draw the conclusion on the basis of this alone that the defendant is, in fact, guilty of the crimes with which she is charged.

Whether or not evidence as to a defendant's statements shows that she believed that she was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-11; <u>see</u> <u>United States v. Gaviria</u>, 740 F.2d 174, 184 (2d Cir. 1984) ("[F]alse exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative force") (quoting <u>United States v. Johnson</u>, 513 F.2d 819, 824 (2d Cir. 1975)).

41

**REQUEST NO. 19**

**General Instructions: Variance In**
**Amounts, Dates, And Facts Alleged**

You will note that the Indictment alleges that certain acts occurred on or about various dates, or that certain transactions involved certain amounts of money.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date, or that a particular transaction involved a different amount of money.  The law requires only a substantial similarity between the dates or amounts alleged in the Indictment and the dates or amounts established by the evidence.

> Adapted from the charge of the Honorable John S. Martin in <u>United States v. Lawless</u>, S2 96 Cr. 522 (S.D.N.Y. 1997); and the charge of the Honorable Sonia Sotomayor in <u>United States v. Lugo</u>, S2 96 Cr. 521 (S.D.N.Y. 1997).

42

**REQUEST NO. 20**

**Expert Testimony**
***[If Applicable]***

You have heard testimony from what we call an expert witness. Expert witnesses are witnesses who, by education or experience, have acquired learning or experience in a science or a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education or experience, and the

43

other evidence does not give you reason to doubt the expert's

conclusions, you would be justified in placing great reliance on

his or her testimony.

> Adapted from the charge of the Honorable Pierre N.
> Leval in <u>United States v. Mucciante</u>, 91 Cr. 403
> (S.D.N.Y. 1992), <u>aff'd</u>, 21 F.3d 1228 (2d Cir. 1994),
> <u>cert. denied</u>, 513 U.S. 949 (1994); and the charge of
> the Honorable Michael B. Mukasey in <u>United States v.</u>
> <u>Mensah</u>, 91 Cr. 705 (S.D.N.Y. 1991).

### REQUEST NO. 21

### Defendant's Testimony
**_[Requested Only If the Defendant Testifies]_**

The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:

> The defendant testified at trial and was subject to cross-examination.  You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.
>
> See <u>United States v. Gaines</u>, 457 F.3d 238, 249 (2d Cir. 2006).

45

## REQUEST NO. 22

### Defendant's Right Not To Testify
#### *[If Requested By The Defendant]*

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  The defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against her may be drawn by you because she did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, Instr. 5-21.

46

**REQUEST NO. 23**

**Uncalled Witness: Equally Available To Both Sides**
*[If Applicable]*

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the Government or by the defendant, and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government, unfavorable to the defendant, or unfavorable to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call any particular witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of the Honorable Kenneth Conboy in United States v. Lew, 91 Cr. 361 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 6-7; see United States v. Erb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).

> "[W]hen a witness is equally available to both sides, 'the failure to produce is open to an inference against both parties.' No instruction is necessary where the unpresented testimony would be merely cumulative." United States v. Torres, 845 F.2d 1165, 1169 (2d Cir. 1988) (citations omitted & emphasis in original); see also United States v. Nichols, 912 F.2d 598, 601 (2d Cir. 1990) (whether to give charge is committed to

47

discretion of trial judge; generally discussing applicable standards); <u>United States v. Caccia</u>, 122 F.3d 136 (2d Cir. 1997) (discussing when uncalled witness charge is appropriate).

**REQUEST NO. 24**

**Charts And Summaries**
***[If Applicable]***

During the course of trial there were certain charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence. They are admitted into evidence as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from the charge of the Honorable Kevin Thomas Duffy in <u>United States v. Castellano</u>, 84 Cr. 63, <u>aff'd in part and rev'd in part</u>, 811 F.2d 47 (2d Cir. 1987);

49

and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

## REQUEST NO. 25

### Testimony Of Law Enforcement Witnesses
### *[If Applicable]*

You have heard the testimony of a law enforcement agent.  The fact that a witness may be employed by the federal government as a law enforcement agent does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, defense counsel may to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

51

<u>**REQUEST NO. 26**</u>

<u>**Agreements Not to Prosecute Government Witnesses**</u>

You have heard testimony from some witnesses who have entered into non-prosecution agreements with the Government. With respect to these witnesses, the Government has promised that, in exchange for testifying truthfully, completely and fully, they will not be prosecuted for any crimes in which they may have participated.

The Government is permitted to make these kinds of promises, and is entitled to call as witnesses people to whom such promises are given. The fact that the Government has agreed not to prosecute a witness does not disqualify her from testifying, and does not preclude you from accepting that testimony as true. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that her testimony proves the defendant guilty beyond a reasonable doubt.

In evaluating the testimony of witnesses with a non-prosecution agreement, you should ask yourselves whether they would benefit more by lying, or by telling the truth. Was her testimony made up in any way because the witness believed or hoped that she would somehow receive favorable treatment by testifying falsely? Or did the witness believe that her interests would be best served by testifying truthfully? If you

52

believe that a witness was motivated by hopes of personal gain, was the motivation one which would cause the witness to lie, or was it one which would cause her to tell the truth?  Did this motivation color the witness's testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury, to make.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-9; <u>see</u> <u>United States v. Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); <u>United States v. Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).

## REQUEST NO. 27

## Persons Not On Trial

If you conclude that other persons may have been involved in the crimes charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that any person other than the defendant is not on trial here.

In addition, you should not speculate as to the reasons that individuals other than the defendant are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the charge of the Honorable Henry F. Werker in United States v. Barnes, 77 Cr. 190 (S.D.N.Y. 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980).

<u>**REQUEST NO. 28**</u>

<u>**Particular Investigative Techniques Not Required**</u>
***[If Applicable]***

You have heard reference, in the testimony and in the arguments of defense counsel in this case, about the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why law enforcement officers used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in <u>United States v. Mucciante</u>, 91 Cr. 403 (S.D.N.Y. 1992); and the charge of the Honorable John F. Keenan in <u>United States v. Medina</u>, 91 Cr. 894 (S.D.N.Y. 1992).

**REQUEST NO. 29**
**Stipulations Of Testimony**
***[If Applicable]***

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-7.

**REQUEST NO. 30**
**Stipulations Of Fact**
**_[If Applicable]_**

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-6.

57

<u>REQUEST NO. 31</u>
<u>Preparation Of Witnesses</u>
*[If Applicable]*

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating the credibility of a witness, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  Indeed, it would be unusual and surprising for a lawyer to call a witness without such preparation.

Again, the weight you give to the fact or the nature of the preparation by a witness for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States v. Abdul Latif Abdul Salam</u>, 98 Cr. 208 (S.D.N.Y. 1999).

58

**REQUEST NO. 32**
**Character Witnesses**
*[Requested Should the Defendant Call Character Witnesses]*

During the course of this trial, there has been testimony that the defendant has a reputation for honesty and integrity in her community. [**If Applicable**: There has also been testimony to the contrary]. That testimony bears on the defendant's character. Character testimony should be considered together with all the other evidence in the case in determining whether the Government has met its burden to prove the defendant guilty beyond a reasonable doubt. Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that she previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe she is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt of the defendant. [**If Applicable**: Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.] The guilt of the defendant is for you alone to

determine, and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-15; and the charge in <u>United States v. Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

## REQUEST NO. 33

## Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the two charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United States v. Soldaro</u>, 73 Cr. 167 (S.D.N.Y. 1973); <u>see also</u> <u>United States v. Corr</u>, 75 Cr. 803 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated: New York, New York
       March 27, 2008

                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States of
                              America


                    By:  _____/s/_____
                         Jenna M. Dabbs/Thomas G. A. Brown
                         Assistant United States Attorneys
                         Telephone: (212) 637-2212/-2194

                              62

**AFFIRMATION OF SERVICE**

JENNA M. DABBS, pursuant to Title 28, United States Code, Section 1746, declares under the penalty of perjury:

I am employed in the Office of the United States Attorney for the Southern District of New York.

On March 27, 2008, I caused the foregoing Government's Requests to Charge to be served via first class mail and via Clerk's Notice of Electronic Filing upon the following attorney, who is a filing user in this case:

Michael Hurwitz, Esq.
Hurwitz Stampur & Roth
299 Broadway, Suite 800
New York, New York 10007

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:     New York, New York
           March 27, 2008


_____/s/_____
Jenna M. Dabbs